UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANOVA APPLIED ELECTRONICS, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br> PERCH ACQUISITION CO 1 LLC, et al., <br><br>　　　　　Defendants. | CASE NO. C23-0843JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court is Anova Applied Electronics, Inc.'s ("Anova") renewed *ex parte* motion for injunctive relief to enjoin the distribution of certain products that Anova alleges infringe upon its patent and trademarks. (Mot. (Dkt. # 20).)  Although most Defendants have received notice of the motion (*see* 7/24/23 Billick Decl. (Dkt. # 25 at 7-11)), none have appeared in this case or responded to the motion (*see* Dkt.).  The court has considered Anova's motion, its filings in support of its motion, the balance of the

ORDER - 1

record, and the governing law. Being fully advised,[1] the court DENIES Anova's motion for injunctive relief.

## II. BACKGROUND

Anova asserts that it is "a global leader in kitchen appliances and accessories" and that its Precision Cooker sous vide[2] cooking device "has become the best-selling sous vide device on the market today." (Compl. (Dkt. # 1) ¶ 16.) Anova holds United States Reissue Patent No. RE49,267 (the "RE267 Patent") that "relates generally to food cooking devices, and more specifically, to precision temperature control water heaters and water pump circulator appliances having an alarm system, or alert system, or both" and covers the Precision Cooker. (Compl. ¶ 17; *see id.*, Ex. 1 ("RE267 Patent").) Anova also holds two registered trademarks in its Precision brand: Reg. No. 4,989,116 for "PRECISION" in connection with constant temperature immersion circulators for use in cooking and Reg. No. 6,392,242 for "PRECISION" in connection with sous vide machines and electric sous vide cookers (together, the "PRECISION Marks"). (Compl. ¶¶ 18-19; *see id.*, Exs. 2-3 (registration certificates).)

This case arises from alleged infringements of Anova's patent and trademarks by Defendants Perch Acquisition Co 1 LLC d/b/a "Sousvide Art" ("Sousvide Art"); Wedge

---

[1] Although Anova has requested oral argument (*see* Mot. at 1), the court finds that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] "The 'sous vide' technique of cooking involves cooking ingredients in a vacuum-sealed pouch submerged in water, typically at a long time at a low temperature." (Compl. (Dkt. # 1) ¶ 15.)

and Wagon LLC ("Wedge and Wagon"); Dmytro Makarov; Iryna Voloshyna; jinantaizhuofurundianzishangmaoyouxiangongsi, doing business on Amazon.com as "Lekoza Direct" ("Lekoza"); Maksym Mosinian, doing business on Amazon.com as "Garnease" ("Garnease"); HONG KONG XING HUA TECHNOLOGY CO., LIMITED, doing business on Amazon.com as "Upesitom" ("Upesitom"); and dongguanshi yingsheng keji youxiangongsi, doing business on Amazon.com as "Caukins" ("Caukins") (together, "Defendants"). (*See generally* Compl.) According to Anova, Defendants infringed its patent and trademarks by manufacturing, importing, offering for sale, and selling "certain 'Sousvide Art Precision Cooker' products" (the "Accused Products") in the United States. (*Id.* at 2.) Specifically, Anova alleges claims against Defendants for infringement of the RE267 Patent and the PRECISION Marks; unfair competition, false designation of origin, and false and misleading representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement and unfair competition in violation of Washington common law; and violation of the Washington Consumer Protection Act, ch. 19.86 RCW. (*Id.* ¶¶ 27-92.) Anova seeks, among other relief, preliminary and permanent injunctions enjoining Defendants from infringing the RE267 Patent and PRECISION Marks; damages; treble damages for willful infringement; and attorney's fees and costs. (*Id.* at 26-28.)

On June 20, 2023, Anova filed an *ex parte* motion for a preliminary injunction in which it asked the court to order Defendants "to immediately cease advertising, offering, selling, and importing . . . in the United States" the Accused Products. (6/20/23 Mot.

(Dkt. # 14).)  The court denied the motion on June 22, 2023.  (6/22/23 Order (Dkt. # 18).)  The court explained that it "may issue a preliminary injunction only on notice to the adverse party" and instructed Anova that it could either renew its motion with proof that it had given notice to Defendants pursuant to Federal Rule of Civil Procedure 65(a)(1) or file a motion for a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules W.D. Wash. LCR 65(b).  (*Id.* (quoting Fed. R. Civ. P. 65(a)(1)).)

Anova has now filed a renewed motion seeking (1) a preliminary injunction against Defendants Sousvide Art, Wedge and Wagon, Mr. Makarov, Ms. Voloshyna, Garnease, and Lekoza and (2) a TRO against Upesitom and Caukins.  (*See generally* Mot.)  It again asks the court to "order all Defendants to immediately cease advertising, offering, selling, and importing" the Accused Products in the United States, and it states that it is prepared to post a bond pursuant to Federal Rule of Civil Procedure 65(c).  (*Id.* at 19.)  Anova represents that (1) it has given notice of this motion for preliminary injunction to all of the Defendants except Upesitom and Caukins; (2) Sousvide Art has waived service of process; (3) Wedge and Wagon has been served through its registered agent; and (4) Anova has initiated the process of serving Upesitom and Caukins via the Hague Convention.  (*See generally* 7/24/23 Report (Dkt. # 25 at 1-6); 7/24/23 Billick Decl. (Dkt. # 25 at 7-11).)  So far, however, none of the Defendants have appeared in this action.  (*See* Dkt.)

ORDER - 4

### III. ANALYSIS

Federal Rule of Civil Procedure 65 empowers the court to issue preliminary injunctions and TROs. Fed. R. Civ. P. 65. Preliminary injunctions and TROs are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The court applies the same standards when evaluating motions for preliminary injunctions and motions for TROs. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A party seeking these forms of injunctive relief "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The Ninth Circuit also employs a sliding scale approach under which "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). For the reasons set forth below, the court concludes that Anova has not established a likelihood that it will suffer irreparable harm in the absence of preliminary relief and DENIES Anova's motion for injunctive relief.

A plaintiff seeking an injunction "must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir.

2012); *see also Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).  The plaintiff must demonstrate that: (1) "absent an injunction, it will suffer irreparable harm"; and (2) "a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc.*, 695 F.3d at 1374.  The movant "must proffer evidence sufficient to establish a likelihood of irreparable harm"; it cannot rely on "unsupported" or "conclusory" assertions of harm. *Herb Reed Enters.*, 736 F.3d at 1250-51.  It must also establish that remedies available at law, such as monetary damages, are inadequate to compensate for the harm caused by continued alleged infringement. *Id.* at 1250; *see Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("[T]he irreparable harm inquiry seeks to measure harms that no damages payment, however great, could address.").

      Anova asserts that absent an injunction and TRO, it will "continue to lose market share and reputation as an industry leader." (Mot. at 17.)  It reasons that because households rarely purchase multiple sous vide devices, "when a person purchases a lower cost competing device that infringes Anova's intellectual property, Defendants gain an unfair advantage by effectively removing that person from the potential buyer . . . pool until a need to buy a new sous vide arises." (*Id.*)  It also asserts that "regardless of the volume sold of Accused Products, Anova losing control over its PRECISION Marks is sufficient basis to find the likelihood of irreparable harm." (*Id.* (citing *2Die4Kourt v. Hillair Capital Mgmt., LLC*, 692 F. App'x 366, 369 (9th Cir. 2017)).)

      Anova does not, however, present sufficient evidence to support its assertions of irreparable harm.  First, the only evidence Anova cites in its discussion of harm is an

1  exhibit to its complaint comprised of screenshots of Defendants' Amazon storefronts and
2  product listing pages showing that the alleged infringing products had "garnered a
3  substantial volume of reviews on Amazon.com." (Mot. at 17 (citing Compl., Ex. 5 at 3
4  (screenshot showing that the Sousvide Art Precision Cooker Kit has received 4,698
5  reviews)).) The mere fact that Amazon customers have reviewed Defendants' products,
6  however, is not enough to support a finding that Anova will be irreparably harmed absent
7  an injunction. Second, contrary to Anova's assertion that "losing control" over its
8  PRECISION Marks is enough to establish a likelihood of irreparable harm (*id.*), the
9  Ninth Circuit has made clear that a finding of irreparable harm cannot be based "solely
10 on a strong case of trademark infringement;" rather, the movant must establish
11 irreparable harm with evidence. *Herb Reed Enters.*, 736 F.3d at 1251 (reasoning that
12 inferring irreparable harm from a strong case of infringement "collapses the likelihood of
13 success and the irreparable harm factors" of the preliminary injunction test). Finally,
14 even if Anova could establish its claimed harms, it does not address, let alone provide
15 evidentiary support for, the requirement that monetary damages be inadequate to
16 compensate those harms. (*See generally* Mot.) Because Anova's assertions of harm are
17 merely conclusory statements without evidentiary support, the court finds that Anova has
18 not met its burden to establish that it is likely to suffer irreparable harm in the absence of
19 //
20 //
21 //
22 //

1  an injunction.  Accordingly, the court DENIES Anova's renewed motion for injunctive
2  relief.[3]

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES Anova's renewed *ex parte* motion for injunctive relief (Dkt. # 20).

Dated this 11th day of August, 2023.

JAMES L. ROBART
United States District Judge

---

[3] Because Anova fails to demonstrate irreparable harm, the court need not address the other factors of the preliminary injunction test.  *See, e.g.*, *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 982 (9th Cir. 2011).